IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DENNIS MCDANIEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:22-CV-140 (CAR) |
| v. | : | |
| | : | |
| SOUTHERN CORRECTIONAL | : | |
| MEDICINE, LLC, d/b/a GENESYS | : | |
| HEALTH ALLIANCE; DR. PETER | : | |
| WROBEL; DR. SHAD STORMANT; | : | |
| DANIELA TORRES, NP; NURSE | : | |
| RAWNI SPRAGUE; SHERIFF | : | |
| CULLEN TALTON; and HOUSTON | : | |
| COUNTY, GEORGIA; | : | |
| | : | |
| Defendants. | : | |
| | : | |

## AMENDED ORDER GRANTING FINAL JUDGMENT

This case is currently before the Court upon Plaintiff's Motion to Amend Order and Supplement Record on Appeal. The Court **GRANTS** Plaintiff's Motion [Doc. 44] and hereby terminates the case as to Defendants Rawni Sprague, Shad Stormant, Daniela Torres, Peter Wrobel, and Southern Correctional Medicine, LLC, who are properly dismissed with prejudice. Accordingly, the Court **DISMISSES** this case and **DIRECTS** the Clerk of Court to enter amended judgment. The Court further **ORDERS** that the

1

record be supplemented and that this Order be forwarded to the Court of Appeals as part of the record in this case.

On April 1, 2022, Plaintiff filed his Complaint [Doc. 1] against all Defendants asserting 42 U.S.C. § 1983 claims for deliberate indifference to his medical needs and state law negligence claims for Defendants' alleged conduct while he was incarcerated at Houston County Detention Center. Defendants Houston County, Georgia, and Sheriff Cullen Talton moved for judgment on the pleadings, and on August 4, 2022, the Court granted their motion and dismissed them from the case. [Doc. 13]. Thereafter, Plaintiff and Defendants Rawni Sprague, Shad Stormant, Daniela Torres, and Peter Wrobel, filed a stipulation of dismissal on November 22, 2023 [Doc. 29], and on January 2, 2024, Plaintiff and the sole remaining Defendant, Southern Correctional Medicine, LLC filed a stipulation of dismissal [Doc. 30]. Defendants Houston County and Sheriff Talton did not join in the stipulations of dismissal.

Plaintiff then filed a motion for the Court to enter final judgment in the case, so he could appeal the Court's dismissal of Houston County and Sheriff Talton. On March 6, 2024, the Court granted Plaintiff's motion and entered Judgment. [Docs. 38, 39]. Plaintiff then appealed to the Eleventh Circuit Court of Appeals [Doc. 40].

The Court of Appeals, however, questioned whether the case had been properly dismissed, and thus, whether it had jurisdiction over the appeal. Under Fed. R. Civ. P. 41,

a plaintiff may dismiss his case by "filing a stipulation of dismissal signed by all parties who have appeared."[1] Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper."[2] Here, because the stipulations of dismissal were not signed by Houston County and Sheriff Talton as required by Fed. R. Civ. P. 41(a)(1)(A)(ii), the Court's Order on final judgment must comport with Rule 41(a)(2). The Eleventh Circuit questioned whether the Order sufficiently explained that it considered the terms of the stipulations of dismissal "proper" under Rule 41(a)(2).[3]

Having reviewed the record and the submissions of Plaintiff, including the sworn declaration of Plaintiff's counsel,[4] the Court hereby finds that, pursuant to Fed. R. Civ. P. 41(a)(2), the claims against Defendants dismissed by stipulation [Docs. 29, 30] were resolved by a full and final settlement, are now *res judicata*, and the terms of those dismissals were proper.

Thus, the Court **GRANTS** Plaintiff's Motion to Amend Order and Supplement Record on Appeal [Doc. 44] and hereby terminates the case as to Defendants Rawni Sprague, Shad Stormant, Daniela Torres, Peter Wrobel, and Southern Correctional Medicine, LLC, who are properly dismissed with prejudice. The Court **DISMISSES** this

---

[1] Fed. R. Civ. P. 41(a)(1)(A)(ii).
[2] Fed. R. Civ. P. 41(a)(2).
[3] Jurisdictional Question from Eleventh Circuit Court of Appeals, Exhibit to Motion to Amend Order [Doc. 44-3 at 2].
[4] Sworn Declaration of Plaintiff's Counsel, Exhibit to Motion to Amend Order [Doc. 44-4].

case and **DIRECTS** the Clerk of Court to enter amended judgment. The Court further **ORDERS** that the record be supplemented and that this Order be forwarded to the Court of Appeals as part of the record in this case.

    **SO ORDERED,** on this 5th day of April, 2024.

                                      s/ C. Ashley Royal_____
                                      C. ASHLEY ROYAL, SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT